# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS GANTZ, | Civil No. 3:19-cv-446 |
| Plaintiff | (Judge Mariani) |
| v. | |
| PA DEPARTMENT OF CORRECTIONS, SCI ROCKVIEW, | |
| Defendants | |

## MEMORANDUM

Plaintiff Paris Gantz ("Gantz"), an inmate confined at the Rockview State Correctional Institution, in Bellefonte, Pennsylvania ("SCI-Rockview"), initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Gantz also filed a motion for leave to proceed *in forma pauperis*. (Doc. 5). An initial screening of the complaint has been conducted and, for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Gantz will be directed to file a properly supported amended complaint.

### I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

II. **Discussion**

Gantz alleges that his personal property was confiscated at SCI-Rockview when he was temporarily transferred to the Restricted Housing Unit. (Doc. 1). Named as Defendants are the Pennsylvania Department of Corrections and SCI-Rockview. (*Id.*). For relief, Gantz seeks compensatory and punitive damages. (*Id.* at pp. 6-7).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

In order for Gantz to state a claim under § 1983, he must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. See *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Gantz's complaint fails to make this requisite showing against the Pennsylvania Department of Corrections and SCI-Rockview, because these Defendants do not qualify as persons under § 1983. Therefore, they cannot be held liable under the statute. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Consequently, Gantz's claims against the Pennsylvania Department of Corrections and the SCI-Rockview are barred, as they are not persons within the meaning of 42 U.S.C. § 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Moreover, these Defendants are entitled to Eleventh Amendment immunity. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"). Gantz's complaint thus fails to state a claim upon which relief can be granted against the Pennsylvania Department of Corrections and SCI-Rockview.

## III. Conclusion

Given Gantz's *pro* se status, he will be afforded an opportunity to file an amended complaint to properly name any Defendants and sufficiently state a claim for relief against those Defendants. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

A separate Order will issue.

Dated: March 28, 2019

Robert D. Mariani
United States District Judge